Lee v. Commissioner, Mr. Palombi Good afternoon, Your Honors. May it please the Court, Counsel. Jeffrey Lee's complaint challenging Alabama's method of execution was dismissed as time-barred when the District Court found that the State of Alabama's change of the first drug in the change in the protocol. The District Court also found that the complaint did not state a claim upon which relief could be granted specifically with respect to the allegation of pentobarbital only as an alternative to the present three-drug protocol. Two opinions of this Court that were issued since that decision, we believe, resolve this matter in Mr. Lee's favor and require this case to be remanded for further proceedings in the District Court. The District Court found that midazolam was not a substantial change in the protocol. When it did and found that because of that under this Court's precedent, the complaint was time-barred. In doing so, the Court cited to two cases, one named Grayson, which concerned the Ron Smith case, and another, Brooks. As is shown by this Court's decision in West, the reliance on those two decisions is now misplaced. With respect to Smith, as this Court held, Smith, because it is not published, West, which is published, controls over Smith. Second, Brooks did not apply, as this Court stated, because it was on the stay standard, not on the 12b-6. As this Court noted in Frazier, what the Court held in Brooks did not concern the pleading standard, but whether Mr. Brooks had met his standard on the first prong of the stay. The conclusion in West that an attack on the use of midazolam only was timely for a complaint filed within two years after the change to midazolam applies in Mr. Lee's case as well. In West, what this Court was faced with was a holding from the District Court that the attack on Mr. West and the other's complaint was that this was a generalized attack on a three-drug protocol. The Court reversed the District Court's decision in doing so . . . And Mr. Plumby? Yes. Is it your argument that the complaint in this case is sort of a mirror of the one in West? It is, Your Honor. Is there anything else to say? Frankly, Your Honor, no. We believe that West controls on that point and that West should resolve this . . . Save some rebuttal time. I would, Your Honor. I would also . . . I want to address the other question related to the pentobarbital. I have one question for you before you do that. Your brief doesn't really address the equal protection and due process claims. You're not pursuing those claims. You just want to remit on the Eighth Amendment claim? We did not pursue those on appeal, Your Honor. We just pursued the claims we raised, specifically the first claim in the Eighth Amendment. With respect to the pentobarbital, Your Honor, we believe that is controlled by this Court's decision in Frazier. In Frazier, this Court held that the summary judgment . . . that a grant of summary judgment should have been denied because there was a plausible claim that pentobarbital was available to the State of Alabama. Here we have that same plausible claim. Mr. Palumbi? Yes, Your Honor. I'm just looking at pleadings. Yes, absolutely, Your Honor. If the complaint in this case mirrors West, then there's nothing more else to say, is there, other than to listen to your colleague and then have rebuttal? That would be true, Your Honor. I wanted to make sure I addressed those two points since those were what I was concerned with. But if Your Honors have no further questions of me . . . No, I mean, I'm trying to find out what your argument is. No, my argument, Your Honor, is West and Frazier control in this case needs to be remanded for further proceedings. The district courts did not . . . a grant of the 12B6 motion was improper and it needs to be vacated and the case needs to be remanded. If there are no further questions, Your Honor, I will wait until rebuttal. We'll hear from Mr. Govan. Mr. Govan, please go ahead. Good afternoon. May it please the Court, I'm Thomas Govan from the Alabama Attorney General's Office representing the Commissioner. I'd like to straight address right off the bat the application of West in this case. We admittedly, it is a helpful case to the other side because it arises in a similar procedural posture, but we believe it's distinguishable for a couple of reasons and does not mandate a remand. I want to tell the Court what those reasons are. First, the reason the district court dismissed the case and why this court reversed in West was different than the situation and the reasoning from the district court below. As was alluded to in opposing counsel's comments, in West, the district court dismissed because it interpreted the claims in that particular case as a general challenge to all three drug protocols and held that that was time-barred challenge because they could have challenged a three drug protocol since Alabama adopted a three drug challenge in 2002. That's the reason this court dismissed in West. That is not the reason, conversely, why the district court dismissed here. The district court here dismissed because it analyzed and it conducted a fact-dependent inquiry of the claims under what is required by this court's precedent in Arthur and held that those claims were materially the same as claims that have been rejected by this court before. So, it imported facts from other cases? Excuse me, Your Honor? So, the district court imported facts from other cases then? No, it didn't import facts. What it did was it looked at the allegations and determined that those allegations had been rejected on appeal before. It didn't import and consider any facts. It just said if you assume these facts is true, you could not establish a substantial  The same facts as in the other cases? I'm sorry, Your Honor? The court said the facts in this case are the same as in the other cases, right? Correct. The allegations were the same in this case as there were in cases such as Brooks. And that's what this court did and affirmed in Powell v. Thomas, as cited in our brief. It's what this court held in Grayson. It did not consider, make a factual determination, but it did look at the factual allegations and said even if you assume those is true, based on this court's precedent in Gissendaner and in Manby-Palmer and in Arthur and in Powell, that the district court meticulously applied those facts, those, excuse me, those holdings in this case, which is different than what occurred in West. In West, they did not go through those line of cases in Gissendaner and Manby-Palmer and Arthur and Powell. Instead, it said, it analyzed whether this was just a general challenge. That's different than what the district court did in West, and therefore, this court in West did not address that line of precedent in reversing the district court's dismissal in West. But a case like Gissendaner can't possibly be relevant because Gissendaner involved the Georgia death penalty protocol, not the Alabama protocol. So how can a decision dealing with what constitutes the accrual of a claim challenging the Georgia protocol apply to the Alabama protocol? Certainly, Your Honor, and we're not saying that the factual, the specific allegations in Gissendaner applied. It was the legal holding in Gissendaner that they applied. What's the legal holding? In Gissendaner, this was the court's holding, that a court may dismiss a complaint as untimely without an evidentiary hearing or discovery if the allegations and evidence presented are materially the same as those presented in a previous case in which the denial of And this court applied that in Mann in a Florida case, in Powell in an Alabama case. That was the legal reasoning that the district court used here. It certainly wasn't applying the facts, the factual allegations of Gissendaner, but that legal determination is what the district court relied on from Mann, from Gissendaner, from Powell in determining that these claims in Lee's case were materially the same as those that had been rejected by Brooks. Which cases do you think stand for the proposition that the midazolam challenge as the substitution in the first drug of a three-drug protocol doesn't constitute a material change? We would point to the court, to Brooks v. Warden and the Grayson case, which was cited in our brief and an opposing counsel mentioned as well. We understand that Brooks v. Warden was a different procedural context. It was in the denial of a stay. However, this court has held in Powell v. Thomas, in a similar situation, it affirmed the dismissal on a statute of limitations ground on a 12b-6 where the district court relied on factual allegations, excuse me, relied on a holding from the 11th Circuit that addressed similar material factual allegations in the context of a stay. So there is precedent for what the district court did here. It went through meticulously inside of that precedent in its order. So we understand West is a helpful case to their side. We do not believe it's controlling. Just want to reiterate, West did not overrule Arthur, Giss and Danner, Mann, Powell, any of these cases. It didn't address them because that was not the issue that came before this court in West. And West did not hold that the substitution of midazolam was a significant change. My question in West is whether or not it stated a claim for relief. Yes, Your Honor. It's a 12b-6 case. Correct Your Honor. And the reason the district court in West held it didn't state a claim for relief was statute of limitations. No, I understand whether or not it stated a claim for relief. We could have affirmed the district court on an alternative ground that it didn't state a claim for relief other than the statute of limitations. Correct Your Honor. And one more distinguishing factor from West that we would point out is just that it did not hold, carte blanche, that any inmate who alleged that midazolam, the substitution of midazolam is a significant change, can overcome a 12b-6 motion related to statute of limitations because that would have contradicted this court's case law in Arthur and Giss and Danner and Mann. You have to analyze the factual allegations of each complaint when looking at the statute of limitations question. It's a fact-dependent inquiry and the district court is charged with looking at the specific allegations that that inmate raises in their complaint. That's what the district court was faced with here and that's what the court did in applying this court's precedent. How similar was the complaint in this case to the complaints that were at issue in West and in Grayson? Similar, Your Honor. And that's part of a larger issue is they really did parrot the same allegations. Quite frankly, they parroted the same allegations that were addressed in Glossop. But there was a difference in the alternative in Lee's case. The only alternative that they alleged was penobarbital, which was the drug that Alabama previously used and could no longer obtain. That's why the switch to midazolam occurred in the first case. In West, they alleged other alternatives. They alleged other drugs like sodium 5-pentol and actually a one-drug protocol using midazolam, which is actually unique to West's case because in that case, the parties agreed that midazolam was available to some extent. But the availability of penobarbital in this case has been addressed over and over by this court, granted a different context. But again, putting ourselves in the shoes of the district court, under Iqbal and Twombly, it's a fact, it's a context-specific analysis in looking whether states claim for relief based on their judicial experience and common sense. And the district court was staring from opinions from this court and in Glossop noting that penobarbital was not available for many states, granted some states still use them. And the only allegation that they were alleging, Lee was alleging to show that it stated that penobarbital was available was simply because it was used in other states. But there's on-point panel precedent from this court in Arthur and Brooks that holds simply the fact that other states use a drug doesn't make it available to Alabama. And that's the reason the court— But you may ultimately prevail on that issue. You may be able to show that it really isn't available to you. But as Judge Joe Flatt, I think, might have suggested, the question is whether the claim gets to the next stage and whether, you know, Mr. Lee can prove, you know, sufficiently to the district court that that drug is available to you. If you're correct and the drug isn't available to you, then you may well be entitled to end this case at summary judgment. But here's the way I try to think about it. Let's assume that you are correct about our prior cases, right? And let's say that an eight-year period runs from those cases and the world of pharmacology has changed and the supply of drugs in the country has changed and the number of manufacturers in the area has changed. And so now there's a significant difference of what drugs may or may not be available to a state which has the death penalty. You're suggesting that even eight years later, a plaintiff can't say, now, in today's world, these drugs are available? I know you held, based on the world as it existed eight years ago, that it wasn't available. But I'm telling you now in my complaint that they are available to the state. What happens then? Well, I understand your point, Your Honor, and no, that's not what we're saying. There would be a way to plead a plausible claim. Which is what? Well, the problem is here is Penobarbital truly is not available, so I don't know how Because you say so, but that's not what they say, and you're dealing with the dismissal of a complaint on its face, and that's a factual allegation. If you say drug X is available, that is a factual allegation, which they have to prove at some point, but it's a factual allegation. The judge can't say, I know that that's not true. Well, two responses to that. Your Honor, let me give you an example of how you could plead a plausible claim and why what they pled is not plausible. For example, if, let's say, Penobarbital, let's not even use Penobarbital, let's say Tylenol is a drug. All those prior cases were factual findings on burden of proof, weren't they? That is correct. Burden of proof. That is correct. So a plaintiff in one case is poorly represented by plaintiff's counsel and loses, and here comes another plaintiff. Is he bound by the first plaintiff who failed? When it comes to the statute of limitations question. Oh, forget the statute of limitations, I'm talking about the availability of the drug. Well, in this case, yes, because what we contend is, yes, for example, Arthur case. That was based after a trial. This Court affirmed the findings made after a trial. On burden of proof. But the relevant point is the allegations that the District Court relied on were legal holdings from the Arthur Court. For example, Arthur held that. Arthur was a trial. Correct, Your Honor. But Arthur held, we expressly hold that the fact that other states in the past have. That's true, and that's because the plaintiffs were inept in presenting the case and didn't put on enough proof. All they proofed is, I did it over here in this other state, and so they asked the Court to draw an inference that it's available in Alabama. That's correct. Yes. That's a failure of proof. It was in Arthur, but we read the Arthur decision. Counsel has been a failure of proof in all of the cases as far as I'm concerned. The plaintiffs have never put on any evidence that it's available in Alabama. That's correct, Your Honor. That's absolutely correct. They have hinted that there's a presumption that since the state has possession of all the evidence, that ought to go forward with the evidence on the issue. But that's never been, but that presumption hasn't been developed. You follow me? Yes, Your Honor. It's been a hint. So they've lost because they haven't put the evidence on. Correct. Okay. However, for purposes of 12b-6, the reason why Arthur and Brooks are critical here, why the District Court relied on them correctly, is they made a holding that the fact that other states have used that drug does not . . . Well, we'll agree with that. No, no. An allegation that other states do it is not proof. An allegation that it is available is an allegation that it's available and you undertake the burden of proving it. And our position is, even if you assume that fact is true . . . That's what the complaint alleges. I'm sorry, Your Honor? That's what the complaint alleges. That is what the complaint alleges, yes. Our position is, and what the District Court found is, even if you assume those facts is true, that would not entitle you to show a known and available alternative under Bayes and Glossop. That's why the District Court dismissed and failed to plead a plausible claim for relief. Because in Arthur and Brooks, yes, those were factual determinations, but they actually held even if other states, even if it's true . . . Counsel, we understand that. The court is talking about the burden of proof. It is not enough to show it in another state. Correct. Correct, Your Honor. The plaintiff just fell down, put on no evidence. That's not enough evidence because you have to draw an inference that's available in Alabama. Correct, Your Honor. Okay, so they fail a burden of proof. That doesn't establish anything. That's correct, Your Honor. And the problem in this complaint is they didn't allege anything else except those facts. No, no, no, no. If they allege that it is available, then they're put to the proof. I understand Your Honor's point. We would just . . . We would just . . . Our position . . . And you cannot draw on the facts in another case. A court adjudicates a set of facts in another case, summary judgment or a trial, which most of these were, or a motion to stay, which is an evidentiary hearing. I understand . . . All of those. I understand, Your Honor, completely. Our position is that the district court didn't do that. I know. Your argument is the district court looked at the plain allegation that the drug is available and said that's not enough. And based . . . As if it were the first go around. Correct. And simply alleging it's available isn't a plausible claim. Okay. That's our position, Your Honor. We understand. And we understand, again, like we've already with West, that that is a case that is helpful to their side. We believe it's distinguishable with the reasons we articulated. I'd be happy to answer any other further questions on that matter. I think we have your case. Well, did you . . . did I previously understand you to say that there's a way to plead a plausible claim in this case? I know you argued that the claim isn't, but if there's a way to plead a plausible claim? Absolutely, Your Honor. If something is truly available, like for example, Tylenol, you would be able to plausibly . . . like you would be able to plead facts. For example, it's available at a drug store down the street. So they should have been given an opportunity to file an amended complaint then. That request was denied. Your Honor, it was actually never denied because they never properly moved to amend the complaint. They never filed a motion to amend or attached an amended complaint. They cited that in their reply brief, and this Court has . . . But the district court did say that an amendment would be futile, didn't it? Your Honor, I don't recall that in the district court's opinion. If it is, I'd miss that. I think part of the reason was that it actually never filed an amended complaint or moved the Court for that. Maybe you said that in your brief, that an amendment would be futile. Well, there's nothing to amend. Your Honor . . . They've alleged what . . . the strongest case they could allege, and they say it's available. That's a factual allegation. That is correct. It lends itself to the burden of proof. You've got to put on evidence that's available. Your Honor, to answer your question, I agree . . . I don't know what they would have been able to allege that would not have been futile, but since they didn't file the amended complaint, it was never before the Court. We had never had an opportunity to respond. The allegation is not, and I know we may just disagree, but the allegation is not simply that other states used pentobarbital. The allegation is, quote, there are a number of different drugs available to states that employ single drug protocols. One is pentobarbital, or barbiturate, that is used in veterinary euthanasia. That's not an allegation simply that other states are using it. It's an allegation that it's available. You don't think that's enough? No, Your Honor. Okay. We don't. I think we have your case. Thank you, Your Honor. Your Honor, if I may, very, very briefly. First of all, we do believe that we alleged more than just it was available in other states, including this state we're standing in right now. However, we believe that even if the allegation was merely that other states are doing these executions using pentobarbital only, that would be sufficient at this stage of the case. Why do you want to burden yourself with that, Mr. Palumbi? Why do you want to make your case harder to prove than it is? Oh, I don't want to, Your Honor. Well, you are right now. I'm just pointing. I'm just pointing out that ... No, you're pointing out something you didn't need to point out. You're making your case. You're making your case. You're saying that if somebody else did it, that's an allegation that's available here. No. What I was saying, Your Honor ... That's just what you said, Mr. Palumbi. Well, Your Honor, I certainly don't want to make my case harder. Well, if you want to stick with that proposition that because you can do it in State X means that it's available in State Y, we'll take that, if that's what you want to proceed. It's plausible, Your Honor, under the Twombly standard for pleading, is what we were stating. I don't think you understood what I asked. It's possible, Your Honor, I'm trying ... Again, I'm certainly trying not to make my case harder. We believe, as I stated in my initial presentation, that the cases in West and Frazier control this result. The complaint is similar enough. It makes the same allegations. It alleges that midazolam is the change and is causing the issue and is an Eighth Amendment violation and we believe we've alleged sufficient alternatives to get past the pleading stage of 12B6 and the district court's decision should be reversed and this case remanded for further proceedings on that. If there are no further questions, Your Honor ... The court will be in recess until the usual order. Thank you.